IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32582-2-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| CRYSTAL RAE PURCELL, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Crystal Purcell appeals her conviction for two counts of possession of a controlled substance following a bench trial. Ms. Purcell argues she received ineffective assistance of counsel when her attorney failed to move to suppress drug evidence. She also claims the trial court improperly imposed several legal financial obligations (LFOs). Because the record on appeal does not demonstrate prejudicially deficient representation, we affirm the conviction. With respect to the LFOs, we affirm in part and remand in part, with instructions that the superior court reconsider the imposition of discretionary attorney fees.

## FACTS

On December 31, 2013, a Garfield County sheriff's officer stopped Ms. Purcell's

vehicle while she was riding in the passenger seat. The driver was arrested on an outstanding warrant. After verifying the vehicle was registered to Ms. Purcell, the officer returned to the vehicle to speak with her. Noticing a small canister hanging from the ignition key ring, the officer asked Ms. Purcell if he could look at the key ring and canister. Ms. Purcell removed the key from the ignition and handed the key ring to the officer. The officer then opened the canister and removed a few pills. The officer suspected the pills were controlled substances requiring a prescription; the pills were later confirmed to be oxycodone and morphine.

Ms. Purcell was convicted of possession of controlled substances after a bench trial. No suppression motion was filed prior to trial. At sentencing, the court imposed the following LFOs: a $500 victim assessment fee, a $200 criminal filing fee, a $100 deoxyribonucleic (DNA) collection fee, $750 in attorney fees, and a $1,000 drug fine. Ms. Purcell appealed.

## ANALYSIS

### A. Ineffective Assistance of Counsel

Ms. Purcell claims her trial counsel was constitutionally deficient for failing to seek suppression of the drug evidence on the grounds the officer exceeded the scope of her consent. When reviewing a claim of ineffective assistance of counsel on direct

2

appeal, we are limited to the trial record. *State v. McFarland*, 127 Wn.2d 322, 335, 899 P.2d 1251 (1995). There is a strong presumption trial counsel's representation was effective. *Id.* To show ineffective assistance, Ms. Purcell must show (1) "defense counsel's conduct was deficient, i.e., that it fell below an objective standard of reasonableness" and (2) "the deficient performance resulted in prejudice, i.e., that there is a reasonable possibility that, but for the deficient conduct, the outcome of the proceeding would have differed." *State v. Reichenbach*, 153 Wn.2d 126, 130, 101 P.3d 80 (2004). Failure to meet either prong of this test is dispositive of an ineffective assistance claim. *State v. Berg*, 147 Wn. App. 923, 937, 198 P.3d 529 (2008).

Regardless of whether trial counsel erred in failing to file a suppression motion, the record does not establish prejudice. To establish prejudice, Ms. Purcell must show the trial court likely would have granted a motion to suppress the seized evidence based on an unlawful warrantless search of the canister. *State v. Hamilton*, 179 Wn. App. 870, 882, 320 P.3d 142 (2014). More specific to the current context, Ms. Purcell must show that the search of the container was not justified by consent. The facts in the current record do not establish that Ms. Purcell limited the scope of the law enforcement officer's permission to "look at" the key ring and canister. Report of Proceedings (RP) at 9, 26. Thus, the challenge to Ms. Purcell's conviction on direct appeal cannot prevail.

3

### B. LFOs

Ms. Purcell challenges the trial court's imposition of LFOs. No objection was lodged during the proceedings below. The LFOs fall in two categories: discretionary and mandatory. The $750 in attorney fees is a discretionary obligation. The mandatory obligations consist of a $500 victim assessment fee under RCW 7.68.035, a $200 criminal filing fee under RCW 36.18.020(2)(h) and a $100 DNA collection fee under RCW 43.43.754. The trial court also imposed a $1,000 drug fine under RCW 69.50.430.

Mandatory LFOs are required, regardless of an inability to pay. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013). Thus, to the extent Ms. Purcell challenges imposition of LFOs based on her inability to pay, her claim must be constrained to discretionary obligations. With respect to discretionary LFOs, we remand only with respect to attorney fees. The $1,000 drug fine is presumptively mandatory. RCW 69.50.430. Because the defense did not attempt to rebut this presumption during the proceedings below, we decline to exercise our discretion to review this issue on appeal. RAP 2.5(a). The issue of attorney fees is different. Attorney fees are a purely permissive cost that "shall not" be imposed unless the court first makes a finding of ability to pay. RCW 10.01.160. Because the requisite finding was not made in this case, we remand this matter to the superior court for reconsideration of attorney fees under *State v. Blazina*,

No. 32582-2-III
*State v. Purcell*

182 Wn.2d 827, 839, 344 P.3d 680 (2015), and RCW 10.01.160(3).

Ms. Purcell also argues for the first time on appeal that the imposition of the mandatory $100 DNA fee is unconstitutional because the trial court did not first investigate her ability to pay. Assessing a constitutional challenge involves analyzing facts outside the scope of the current record. *State v. Blank*, 131 Wn.2d 230, 241-42, 930 P.2d 1213 (1997) (a constitutional challenge turns on a defendant's financial circumstances at the time of recoupment). Pursuant to *State v. Stoddard*, 192 Wn. App. 222, 366 P.3d 474 (2016), we decline to review this issue for the first time on appeal.

## CONCLUSION

We affirm Crystal Purcell's conviction. We remand for resentencing, limited to the propriety of the imposition of attorney fees under *Blazina*.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

I CONCUR:

Fearing, J.

5

32582-2-III

KORSMO, J. (dissenting in part) — Although I agree with the rest of the majority's resolution of this case, I respectfully part company with its decision to remand for a new sentencing hearing concerning the attorney fee cost assessment. For the reasons well stated by Chief Judge Siddoway in her concurring opinion in *State v. Munoz-Rivera*, 190 Wn. App. 870, 361 P.3d 182 (2015), and in her opinion for this court in *State v. Duncan*, 180 Wn. App. 245, 327 P.3d 699 (2014), *review granted*, 183 Wn.2d 1013 (2015), I would affirm. There also is no need to reach this statutory claim in light of the fact that the same statute permits Ms. Purcell to petition for remission of her LFOs at any time. RCW 10.01.160(4). For all of these reasons, we should not be sending this case back.

Korsmo, J.