IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32618-7-III |
| Respondent, | ) | (consolidated with 32660-8-III) |
| | ) | |
| v. | ) | |
| | ) | |
| THOMAS R. LEVITON, | ) | |
| | ) | |
| Appellant. | ) | |
| _____ | ) | UNPUBLISHED OPINION |
| | ) | |
| In the Matter of Personal Restraint of | ) | |
| | ) | |
| | ) | |
| THOMAS R. LEVITON. | ) | |
| | ) | |

FEARING, C.J. — In this opinion, we address Thomas Leviton's appeal from his

sentence upon conviction for first degree escape and a personal restraint petition arising

from his detention from the conviction. In the appeal, we reject Leviton's request to

vacate mandatory legal financial obligations (LFOs) of $800. In the personal restraint

petition, we reject Leviton's challenge to his sentence for escape in the first degree

running consecutively to his prior sentence of trafficking in the second degree. We also

reject Leviton's request that he receive credit on his escape sentence for time served after

his postescape arrest.

## FACTS

The facts begin with Thomas Leviton's earlier conviction and imprisonment. On November 20, 2012, Thomas Leviton pled guilty to the charge of second degree trafficking in stolen property. On April 18, 2013, the court ordered Leviton to serve seventeen months in the custody of the Department of Corrections. On April 25, 2013, Leviton began serving his sentence at Shelton Corrections Center in Shelton, Washington. After accounting for time already served, Leviton's sentence would end on December 2, 2013.

On July 3, 2013, the Department of Corrections transferred Thomas Leviton to Brownstone Work Release Facility, in Spokane, Washington. On July 18, 2013, Leviton exited the facility and did not return. On September 28, 2013, the police arrested Leviton on a warrant for first degree escape.

## PROCEDURE

On September 12, 2013, the State of Washington charged Thomas Leviton with first degree escape. On April 15, 2014, after a two-day trial, the jury entered a verdict of guilty.

On June 20, 2014, the trial court sentenced Thomas Leviton to fourteen months confinement, to be served consecutively with his prior sentence for trafficking in stolen property. The court also imposed a $500 victim assessment fee, $200 criminal filing fee, and $100 deoxyribonucleic acid (DNA) collection fee, for a total legal financial

2

obligation of $800. The court ordered Leviton to submit to a DNA collection. During

the sentencing hearing, Leviton did not object to the sentencing.

The trial court signed a judgment and sentence that reads, in part:

> The defendant shall have a biological sample collected for purposes
> of DNA identification analysis and the defendant shall fully cooperate in
> the testing. . . . This paragraph does not apply if it is established that the
> Washington State Patrol crime laboratory already has a sample from the
> defendant for a qualifying offense.

Clerk's Papers (CP) at 131.

## LAW AND ANALYSIS

On appeal, Thomas Leviton contends: (1) the trial court erred when it imposed

legal financial obligations without conducting an inquiry into his ability to pay, (2) the

DNA collection fee violates substantive due process, (3) the DNA collection fee violates

equal protection, and (4) the trial court abused its discretion when it required him to

submit to an additional DNA collection. In his personal restraint petition, Leviton argues

that the trial court erred when it ordered his sentence for escape in the first degree to run

consecutively to his prior sentence of trafficking in the second degree. We affirm the

trial court's sentence and dismiss the personal restraint petition.

*Issue 1: Whether the trial court erred when it imposed legal financial obligations*

*without conducting an inquiry into Thomas Leviton's ability to pay?*

*Answer 1: This question is unimportant since the trial court only imposed*

*mandatory legal financial obligations.*

3

Thomas Leviton contends that the trial court erred when imposing legal financial obligations without inquiring into his ability to pay. Leviton did not object to the imposition of LFOs at sentencing. Nevertheless, Leviton asks this court to exercise its discretion to review his assignment of error, pursuant to *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015) and public policy. We decline his invitation because the trial court only imposed mandatory legal financial obligations.

The trial court imposed a $500 victim assessment fee, a $200 criminal filing fee, and a $100 DNA collection fee. RCW 7.68.035, RCW 36.18.020(2)(h), and RCW 43.43.7541 respectively mandate these fees regardless of the defendant's ability to pay. Trial courts must impose these fees regardless of a defendant's indigency. *State* v. *Lundy,* 176 Wn. App. 96, 102, 308 P.3d 755 (2013). The Supreme Court's decision in *Blazina* extends only to discretionary legal financial obligations.

*Issue 2: Whether the trial court's imposition of a DNA collection fee violates substantive due process?*

*Answer 2: We decline to address this assignment of error, since Thomas Leviton did not raise the alleged error before the trial court.*

Thomas Leviton contends that the DNA collection fee mandated by RCW 43.43.754 and RCW 43.43.7541 violates substantive due process. The latter statute reads, in relevant part:

> Every sentence imposed for a crime specified in RCW 43.43.754

4

> must include a fee of one hundred dollars. The fee is a court-ordered legal
> financial obligation as defined in RCW 9.94A.030 and other applicable
> law. For a sentence imposed under chapter 9.94A RCW, the fee is payable
> by the offender after payment of all other legal financial obligations
> included in the sentence has been completed. For all other sentences, the
> fee is payable by the offender in the same manner as other assessments
> imposed.

Leviton concedes the State of Washington possesses a legitimate state interest to fund a DNA database, but he argues that assessing fees against those who cannot pay is not a rational method of funding the database. Leviton forwards this contention for the first time on appeal.

Thomas Leviton's circumstances and assignment of error echo the circumstances and contentions in *State v. Stoddard*, 192 Wn. App. 222, 366 P.3d 474 (2016). In that case, this court declined to address the argument because the appellant did not challenge the collection fee in the trial court and did not show manifest constitutional error. *State v. Stoddard*, 192 Wn. App. at 226.

A party may not generally raise a new argument on appeal that the party did not present to the trial court. RAP 2.5(a); *In re Det. of Ambers*, 160 Wn.2d 543, 557 n.6, 158 P.3d 1144 (2007). Nevertheless, a party may raise a manifest error affecting a constitutional right for the first time on appeal. RAP 2.5(a). An error is manifest only if the facts necessary to adjudicate the claimed error are in the record on appeal. *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995); *State v. Riley*, 121 Wn.2d 22, 31, 846 P.2d 1365 (1993).

5

The record on appeal contains no evidence of Thomas Leviton's economic status, other than indigency for purposes of hiring an attorney. As this court stated in *Stoddard*, one may not have funds to afford defense counsel, but may have assets sufficient to pay a $100 fine. *Stoddard*, 192 Wn. App. at 228 (2016). Since our record lacks the details important to resolving Leviton's due process argument, we decline to entertain the assignment of error.

*Issue 3: Does the DNA collection fee violate equal protection?*

*Answer 3: We decline to answer the question because Thomas Leviton failed to assign error below.*

Thomas Leviton also challenges on equal protection grounds the constitutionality of RCW 43.43.7541. Leviton contends that the DNA collection fee violates equal protection because it does not apply equally to all criminal defendants. He argues that RCW 43.43.7541 discriminates against felony defendants who were previously sentenced because they must pay the fee multiple times. Because Leviton did not raise this issue at the trial court and because the record does not contain details important to resolving the argument, we decline to address this argument.

*Issue 4: Whether the trial court abused its discretion when it required Thomas Leviton to submit to an additional DNA collection?*

*Answer 4: No.*

Thomas Leviton contends that the trial court abused its discretion by ordering him

to submit to a DNA collection when the 2012 court previously ordered him to submit to one for his conviction of trafficking in stolen property. The DNA collection statute only requires a new DNA sample if one is not already on file. RCW 43.43.754(2) states: "If the Washington state patrol crime laboratory already has a DNA sample from an individual for a qualifying offense, a subsequent submission is not required to be submitted."

We reject Thomas Leviton's contention because his judgment and sentence frees him from submitting another DNA sample. The judgment and sentence mirrored the language of the statute:

> The defendant shall have a biological sample collected for purposes of DNA identification analysis and the defendant shall fully cooperate in the testing. . . . This paragraph does not apply if it is established that the Washington State Patrol crime laboratory already has a sample from the defendant for a qualifying offense.

CP at 51.

*Issue 5: Whether the trial court erred when it ordered Thomas Leviton's sentence for first degree escape to run consecutively with his prior sentence of second degree trafficking of stolen property?*

*Answer 5: No.*

Through his personal restraint petition, Thomas Leviton contends that the trial court erred by ordering his current sentence for first degree escape to run consecutive with his past sentence for second degree trafficking. Leviton also contends that the court

7

should have granted him credit on his current sentence for the time served after his September 28, 2013 arrest. The State argues that RCW 9.94A.589(2) mandates Leviton's sentence to run consecutively and that Leviton should not be credited time for the escape charge because he had not fully served his prior sentence for trafficking. We agree with the State.

To obtain judicial review of a decision through a personal restraint proceeding, an inmate must demonstrate that he is restrained and that the restraint is unlawful. RAP 16.4(a). The petitioner may establish an unlawful restraint by demonstrating either a federal constitutional violation or a violation of state law. RAP 16.4(c)(2), (6). We agree that the State has restrained Thomas Leviton. We must decide if the restraint is unlawful.

Thomas Leviton argues that imposition of consecutive sentences and the denial of credit for his escape charge violates RCW 9.94A.589 and RCW 9.94A.535. RCW 9.94A.589(2)(a) provides in relevant part:

> ... [W]henever a person while under sentence for conviction of a felony commits another felony and is sentenced to another term of confinement, the latter term shall not begin until expiration of all prior terms.

When he escaped, Leviton was serving a sentence for trafficking in stolen property in the second degree, which is a class C felony. RCW 9A.82.055(2). The court thereafter sentenced Leviton for escape in the first degree, which is a class B felony. RCW 9A.76.110(3). Because both sentences involve felony crimes, Leviton must serve the

8

terms consecutively.

Under RCW 9.94A.505(6) declares:

> The sentencing court shall give the offender credit for all confinement time served before the sentencing if that confinement was solely in regard to the offense for which the offender is being sentenced.

Thomas Leviton asserts that he should be given credit on his escape charge for the time he was in custody starting September 28, 2013. Leviton is incorrect because he was not confined "solely in regard" to his escape. When police arrested Leviton, he was still serving his 17-month sentence for trafficking in the second degree. Leviton's sentence would not end until December 2, 2013.

## CONCLUSION

We affirm Thomas Leviton's sentence for first degree escape and deny his personal restraint petition.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Fearing, C.J.

WE CONCUR:

Korsmo, J.

Pennell, J.

9