IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33441-4-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JARROD CODY JOHNSON, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. —Following Jarrod Cody Johnson's conviction for unlawful

possession of a controlled substance, the sentencing court imposed legal financial

obligations (LFOs) that included a mandatory $100 deoxyribonucleic acid (DNA)

collection fee under RCW 43.43.7541. Mr. Johnson's sole contention is that the

mandatory DNA collection fee violates substantive due process principles. We decline to

consider this issue raised for the first time on appeal and affirm.

FACTS AND PROCEDURE

The court found Mr. Johnson guilty in a bench trial of possession of a controlled

substance—methamphetamine. In making oral recommendations at sentencing, Mr.

Johnson's counsel asked that the court give "whatever type of financial assistance it

deems necessary." Report of Proceedings (RP) at 102. Counsel indicated that Mr.

Johnson was self-employed in landscaping, made about $300 per month, has no dependents, and no "savings, stocks, bonds, dividends, gold bullion, or anything like that." RP at 103. Counsel also asked that the cost of incarceration be capped. Mr. Johnson's financial circumstances were not otherwise discussed.

The court imposed $1,150 in LFOs, including a $500 crime penalty assessment, a $200 criminal filing fee, the $100 DNA collection fee, $250 to the drug enforcement fund, and a $100 crime lab fee. The court waived a $600 court-appointed attorney fee recoupment and $1,000 drug fine, and capped the cost of incarceration at zero. The court entered a finding on the judgment and sentence that Mr. Johnson is not disabled and has the ability or likely future ability to pay the LFOs imposed. Mr. Johnson did not object to any of the LFOs imposed and did not raise any constitutional claims regarding the DNA collection fee.

## DISCUSSION

Mr. Johnson's sole contention is that the $100 DNA collection fee mandated by RCW 43.43.7541 violates substantive due process. The statute reads in relevant part:

> Every sentence imposed for a crime specified in RCW 43.43.754 must include a fee of one hundred dollars. The fee is a court-ordered legal financial obligation as defined in RCW 9.94A.030 and other applicable law. For a sentence imposed under chapter 9.94A RCW, the fee is payable by the offender after payment of all other legal financial obligations included in the sentence has been completed. For all other sentences, the fee is payable by the offender in the same manner as other assessments imposed.

2

RCW 43.43.7541. Mr. Johnson concedes the state of Washington possesses a legitimate state interest to fund the DNA database, but he contends that assessing the fee against defendants who cannot pay does not rationally serve that interest.

A party generally may not raise a new argument on appeal that the party did not present to the trial court. RAP 2.5(a); *In re Det. of Ambers*, 160 Wn.2d 543, 557 n.6, 158 P.3d 1144 (2007). A party may, however, raise a manifest error affecting a constitutional right for the first time on appeal. *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995).

We decline to address Mr. Johnson's assignment of error because the record in the trial court is insufficiently developed to support an inability to pay $100. Therefore, in accordance with our holding in *State v. Stoddard*, 192 Wn. App. 222, 228, 366 P.3d 474 (2016), he does not show manifest constitutional error. He waived his constitutional challenge to the DNA fee by failing to raise it in the trial court.

We also note that this court does not address the constitutionality of a recoupment order before collection action or imposition of a penalty for nonpayment. *State v. Blank*, 131 Wn.2d 230, 241-42, 930 P.2d 1213 (1997) (constitutional challenge turns on defendant's financial circumstances at time of recoupment). As the State contends, it is only at that time of enforced collection of the $100 DNA fee that Mr. Johnson's constitutional challenge will become ripe and he will acquire standing to assert it. *Id.*; *see also State v. Lundy*, 176 Wn. App. 96, 108, 308 P.3d 755 (2013).

No. 33441-4-III
*State v. Johnson*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Lawrence-Berrey, J.

4