IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 32900-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JOHN GLEN BURNLEY, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — John Burnley appeals various aspects of a felony judgment and sentence imposed on him in Spokane County Superior Court. Finding no error, we affirm.

## FACTS

A jury found Mr. Burnley guilty of two felony counts of identity theft in the second degree and one gross misdemeanor count of making or possessing a motor vehicle

theft tool. The sentencing court imposed $1,452.19 in legal financial obligations (LFOs), including restitution of $652.19 to City Security and Investigation Services, a $500.00 victim assessment fee, a $200.00 criminal filing fee, and a $100.00 deoxyribonucleic acid (DNA) collection fee. The court also ordered Mr. Burnley to submit a DNA sample. However, the judgment and sentence provided this latter requirement would "not apply if it is established that the Washington State Patrol crime laboratory already has a sample from the defendant for a qualifying offense." Clerk's Papers (CP) at 117.

## ANALYSIS

Mr. Burnley challenges the superior court's imposition of LFOs. No objection was made in the trial court. Nevertheless, Mr. Burnley asks us to review this issue pursuant to the recent Washington Supreme Court decision, *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015). Mr. Burnley's *Blazina* claim fails because the LFOs at issue here are mandatory rather than discretionary.[1] As such, these LFOs must be imposed regardless of the defendant's ability to pay. *State v. Stoddard*, 192 Wn. App. 222, 225, 366 P.3d 474 (2016). In addition, Mr. Burnley agreed to the court-ordered restitution, thus the invited error doctrine precludes revisiting that order in the current context. *Id.*

---

[1] Fees for victim assessment, criminal filing, and DNA collection are all mandated by statute. *See* RCW 7.68.035; RCW 36.18.020(2)(h); RCW 43.43.7541.

In addition to his general objection to the imposition of LFOs, Mr. Burnley makes two specific objections to the imposition of a mandatory $100 DNA collection fee under RCW 43.43.7541. First, Mr. Burnley argues that imposition of the DNA fee without inquiry into ability to pay violates his substantive due process rights. Second, he argues the mandatory DNA fee violates his equal protection rights by requiring first-time felony offenders to pay the fee once, while requiring repeat felony offenders to pay the fee multiple times. A successful challenge under either of these claims would require reviewing facts outside the record. Generally, constitutional challenges to the imposition of LFOs turn on a defendant's financial circumstances at the time of recoupment. *See State v. Blank*, 131 Wn.2d 230, 241-42, 930 P.2d 1213 (1997). Because recoupment has not begun, we cannot yet assess those circumstances. Additionally, standing to make an equal protection claim requires proof that an individual was negatively impacted by a classification scheme. *See State v. Handley*, 115 Wn.2d 275, 290-91, 796 P.2d 1266 (1990). No such proof is contained in the record. Based on the foregoing, we decline to review Mr. Burnley's arguments for the first time on direct appeal under RAP 2.5(a). *Stoddard*, 192 Wn. App. At 226-27.

Finally, Mr. Burnley claims the superior court erred when it ordered DNA collection under RCW 43.43.754. Mr. Burnley argues the order was improper because he

3

No. 32900-3-III
*State v. Burnley*

had already submitted a DNA sample as a result of a prior conviction. We disagree. Mr. Burnley's judgment and sentence form specifically provides that a subsequent DNA sample need not be collected if a sample from a qualifying offense is already in the possession of the Washington State Patrol crime laboratory. This is consistent with Washington law. RCW 43.43.754(2). Particularly given there was no evidence before the superior court regarding whether the state patrol in fact had a sample of Mr. Burnley's DNA, the DNA collection order was appropriate.

Based on the foregoing, Mr. Burnley's sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____        _____
Fearing, C.J.                                             Korsmo, J.

4