IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 32329-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| JEFFREY VINCENT BUTTERFIELD, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — A jury convicted Jeffrey Butterfield II of unlawfully possessing a firearm and possession of a stolen firearm. For the first time on appeal, he challenges the court's imposition of the mandatory $100 DNA collection fee and the possible provision of a new DNA sample, raising arguments that this court has repeatedly rejected. We summarily affirm.

As the facts are unnecessary to resolution of this appeal, we need not repeat them here. Mr. Butterfield raises three arguments. He contends that imposing the DNA collection fee violates substantive due process and, also, it violates his right to equal protection. Finally, he argues the trial court abused its discretion by potentially requiring him to submit an additional DNA sample.

The first argument is without merit because Mr. Butterfield can point to no facts in the record suggesting he cannot pay the $100 fee. This alleged error therefore is not

No. 32329-3-III
*State v. Butterfield*

manifest and we decline to review it. RAP 2.5(a)(3); *State v. Stoddard*, 192 Wn. App. 222, 366 P.3d 474 (2016).

The second argument fares no better. Although it states a reviewable constitutional claim, it does not have any merit, in large part because there is no factual basis to establish that anyone was negatively impacted by the classification. *State v. Johnson*, 194 Wn. App. 304, --- P.3d --- (2016); *State v. Mathers*, 193 Wn. App. 913, --- P.3d --- (2016).

Finally, Mr. Butterfield contends that he should not have to provide an additional DNA sample. However, the record does not contain any evidence indicating whether he has done so in the past. Accordingly, there is no basis for reviewing this claim. *State v. Malone*, 193 Wn. App. 762, --- P.3d --- (2016).

The judgment and sentence is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____          _____
Siddoway, J.                                                    Lawrence-Berrey, A.C.J.

2