IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 33078-8-III |
| | ) | |
| Respondent, | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| LAWRENCE W. ADAMS, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Lawrence Adams, Jr. appeals various aspects of the sentence imposed upon him in Spokane County Superior Court. Finding no error, we affirm.

FACTS

Mr. Adams was convicted of felony assault after a bench trial and sentenced to 303 months' confinement. The sentencing court imposed $18,668.66 in legal financial obligations (LFOs) and ordered Mr. Adams to submit a deoxyribonucleic acid (DNA) sample. The judgment and sentence also provided this latter requirement would "not apply if it is established that the Washington State Patrol crime laboratory already has a sample from the defendant for a qualifying offense." Clerk's Papers (CP) at 142. Mr. Adams did not make any objections to the judgment and sentence on the record.

No. 33078-8-III
*State v. Adams*

ANALYSIS

Mr. Adams challenges the superior court's imposition of LFOs. Although no objection was made in the trial court, Mr. Adams asks us to review the issue pursuant to *State v. Blazina,* 182 Wn.2d 827, 344 P.3d 680 (2015). Mr. Adams's *Blazina* claim fails because the LFOs at issue here are all mandatory rather than discretionary.[1] As such, they must be imposed regardless of the defendant's ability to pay. *State v. Stoddard,* 192 Wn. App. 222, 225, 366 P.3d 474 (2016).

In addition to his general objection to the imposition of LFOs, Mr. Adams makes two specific objections to the imposition of a mandatory $100 DNA collection fee under RCW 43.43.7541. Again, these arguments have been raised for the first time on appeal. First, Mr. Adams argues that imposition of the DNA fee without inquiry into ability to pay violates his substantive due process rights. Second, he argues the mandatory DNA fee violates his equal protection rights by requiring first-time felony offenders to pay the fee once, while requiring repeat felony offenders to pay the fee multiple times.

---

[1] The sentencing court imposed a $500.00 victim assessment fee, a $200.00 criminal filing fee, and a $100.00 DNA collection fee. Each of these is mandated by statute. *See* RCW 7.68.035; RCW 36.18.020(2)(h); RCW 43.43.7541. The sentencing court also imposed restitution of $17,868.66. Restitution is required where, as here, the offender is convicted of an offense resulting in injury to a person. RCW 9.94A.753(5).

2

Under RAP 2.5(a), we have discretion to decline review of errors raised for the first time on appeal. An exception applies when a party presents "manifest error affecting a constitutional right." RAP 2.5(a). In order to prove manifest error, "[t]he defendant must identify a constitutional error and show how, in the context of the trial, the alleged error actually affected the defendant's rights." *State v. McFarland*, 127 Wn.2d 322, 333, 899 P.2d 1251 (1995). "[I]t is this showing of actual prejudice that makes the error 'manifest', allowing appellate review." *Id.* (quoting *State v. Scott*, 110 Wn.2d 682, 688, 757 P.2d 492 (1988)). One caveat is that the facts necessary to the adjudication must be in the record on appeal for the exception to apply. *Id.*

Although Mr. Adams's arguments involve alleged violations of his constitutional rights, the record before us is insufficient to grant relief. A substantive due process challenge to the imposition of LFOs would involve analyzing Mr. Adams's financial circumstances at the time of recoupment. *See State v. Blank*, 131 Wn.2d 230, 241-42, 930 P.2d 1213 (1997). Because recoupment has not begun, we cannot yet assess those circumstances. Additionally, standing to make an equal protection claim requires proof that an individual has been negatively impacted by a classification scheme. *See State v. Handley*, 115 Wn.2d 275, 290-91, 796 P.2d 1266 (1990). No such proof is contained in the record. Given these circumstances, we decline to review Mr. Adams's arguments for

the first time on direct appeal under RAP 2.5(a). *Stoddard*, 192 Wn. App. at 226-27.

Finally, Mr. Adams argues the trial court erred in ordering him to submit a sample of his DNA under RCW 43.43.754 because he has already submitted a DNA sample as a result of a prior conviction. We disagree. Mr. Adams's judgment and sentence form specifies a DNA sample need not be collected "if it is established that the Washington State Patrol crime laboratory already has a sample from the defendant for a qualifying offense." CP at 142. This is consistent with the statute. Particularly given there was no evidence before the superior court regarding whether the state patrol in fact had a sample of Mr. Adams's DNA, the court did not err in ordering the DNA collection.

Based on the foregoing, the felony judgment and sentence of the trial court is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____  _____
Lawrence-Berrey, A.C.J.          Korsmo, J.

4