# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|  |  |  |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 74558-1-I |
|  | ) |  |
| Respondent, | ) | DIVISION ONE |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| NATHAN LEA ANDERSON, | ) | UNPUBLISHED |
|  | ) |  |
| Appellant. | ) | FILED: April 17, 2017 |
|  | ) |  |

Cox, J. – Nathan Anderson challenges the constitutionality of the mandatory victim penalty assessment as applied to him. Because this court has repeatedly rejected this argument against the mandatory fee, we affirm. We also deny any request for an award of appellate costs to the State.

A jury convicted Anderson of domestic violence offenses. The trial court waived all nonmandatory legal financial obligations but imposed a mandatory $500 victim penalty assessment.

Anderson appeals.

## MANDATORY LEGAL FINANCIAL OBLIGATIONS

Anderson claims, for the first time on appeal, that the mandatory victim penalty assessment (VPA) under RCW 7.68.035 violates substantive due process when a court imposes it on an indigent defendant. This argument is premature.

"The due process clause protects an indigent offender from incarceration based solely on inability to pay court ordered fees."[1] But "[a] preenforcement constitutional challenge to the mandatory DNA fee statute is ripe for review on the merits if the issue raised is primarily legal, does not require further factual development, and the challenged action is final."[2] Thus, "[a] constitutional challenge to the DNA fee statute is not ripe for review until the State attempts to enforce collection of the fee. '[T]he relevant question is whether the defendant is indigent at the time the State attempts to sanction the defendant for failure to pay.'"[3]

Likewise, "'imposition of the [victim] penalty assessment, standing alone, is not enough to raise constitutional concerns.'"[4] And a defendant cannot show that an as-applied substantive due process claim is manifest constitutional error until the State seeks to enforce collection of the fee or impose a sanction for failure to pay.[5]

---

[1] State v. Shelton, 194 Wn. App. 660, 670, 378 P.3d 230 (2016), review denied, 187 Wn.2d 1002 (2017).

[2] Id.

[3] Id. at 672-73 (emphasis omitted) (second alteration in original) (quoting State v. Sanchez Valencia, 169 Wn.2d 782, 789, 239 P.3d 1059 (2010)).

[4] Id. at 672 (quoting State v. Curry, 118 Wn.2d 911, 917 n.3, 829 P.2d 166 (1992)).

[5] Id. at 672-73.

This court squarely addressed Anderson's argument in State v. Shelton,[6] holding that the defendant was procedurally barred from raising a substantive due process challenge to the DNA fees statute for the first time on appeal. This court held that the defendant's claim was not ripe until the State sought to enforce collection or sanctioned the defendant for failing to pay.[7] This court also held the defendant lacked standing because he could not show harm until the State sought to enforce the fee.[8]

As in Shelton, nothing in this record shows that either the State has attempted to collect the VPA or that it has imposed sanctions for failure to pay.[9] Thus, Anderson's as-applied substantive due process challenge is not ripe for review.

Moreover, Anderson lacks standing because he cannot show harm until the State seeks to enforce collection of the VPA.[10] And RAP 2.5(a)(3) bars Anderson from raising his challenge for the first time on appeal because the claimed error is not "manifest" "[u]ntil the State seeks to enforce collection of the .

---

[6] 194 Wn. App. 660, 674, 378 P.3d 230 (2016), review denied, 187 Wn.2d 1002 (2017).

[7] Id. at 672-73.

[8] Id. at 674 n.8.

[9] See id. at 673.

[10] Id. at 674 n.8.

. . fee or impose a sanction for failure to pay."[11] Additionally, the record contains no information about Anderson's future ability to pay the VPA.

When the court declines to address the merits of the challenge, it must consider the risk of hardship to the parties.[12] However, "the potential risk of hardship does not justify review before the relevant facts are fully developed."[13] This record contains no facts regarding Anderson's future ability to pay.

Accordingly, we decline to review Anderson's constitutional challenge to the VPA.

### APPELLATE COSTS

Anderson asks that no costs be awarded on appeal. We decline to award any such costs on appeal.

When a trial court makes a finding of indigency, that finding continues throughout review "unless the commissioner or clerk determines by a preponderance of the evidence that the offender's financial circumstances have significantly improved since the last determination of indigency."[14]

---

[11] Id. at 675; see also State v. Stoddard, 192 Wn. App. 222, 228-29, 366 P.3d 474 (2016).

[12] Shelton, 194 Wn. App. at 670.

[13] Id. at 672.

[14] RAP 14.2; see also State v. Sinclair, 192 Wn. App. 380, 393, 367 P.3d 612, review denied, 185 Wn.2d 1034 (2016).

Here, the trial court found Anderson indigent. There is no evidence indicating significant improvement in Anderson's financial circumstances since the trial court's finding. Accordingly, there is no basis to award costs on appeal. We decline to do so.

We affirm the judgment and sentence. We deny the award of costs of appeal to the State.

_____
Cox, J.

WE CONCUR:

_____          _____
Spearman, J.                                  Dwyer, J.