**IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON**

**DIVISION II**

| | |
|---|---|
| STATE OF WASHINGTON, | No. 51997-6-II |
| Respondent, | |
| v. | |
| SATNAM SINGH RANDHAWA, | UNPUBLISHED OPINION |
| Appellant. | |

LEE, A.C.J. — Satnam Singh Randhawa appeals from the denial of his CrR 4.2(f) motion to withdraw his guilty plea to unlawful possession of a controlled substance (heroin) with intent to deliver, unlawful possession of a controlled substance (methamphetamine) with intent to deliver, second degree unlawful possession of a firearm, unlawful delivery of a controlled substance (heroin), and unlawful use of a building for drug purposes. Randhawa contends that the trial court erred in denying his motion because a prior agreement between Randhawa and the State was not disclosed to the trial court before it accepted his guilty plea, so his guilty plea was not knowing, intelligent, and voluntary. Randhawa also alleges the trial court erred in not holding an evidentiary hearing on his motion to withdraw his guilty plea. We affirm.

FACTS[1]

The State originally charged Randhawa with two counts of unlawful sale of a controlled substance,[2] one count of unlawful possession of a controlled substance (heroin) with intent to deliver, one count of unlawful possession of a controlled substance (methamphetamine), and one count of second degree unlawful possession of a firearm.

On January 17, 2017, the State amended the charges to unlawful possession of a controlled substance (heroin) with intent to deliver, unlawful possession of a controlled substance (methamphetamine) with intent to deliver, second degree unlawful possession of a firearm, unlawful delivery of a controlled substance (heroin), and unlawful use of a building for drug purposes.

On January 18, 2017, Randhawa and the State entered into an agreement where Randhawa agreed to plead guilty, assist the Puyallup Tribal Police Department with controlled buys, and "[r]efrain from violating any municipal, county, state, or federal law." Clerk's Papers (CP) at 37. In exchange, the State agreed to recommend that Randhawa's sentence be "[c]redit for time served on all counts." CP at 39 (emphasis omitted). The agreement also notified Randhawa that if he failed to "perform any of the . . . promises . . . [the State would] no longer be bound by any agreement." CP at 40 (all caps omitted). In which case, the parties would make a joint sentencing recommendation of 80 months.

---

[1] The following facts rely primarily on the trial court's findings of fact. Randhawa does not challenge the trial court's findings of fact; therefore, they are verities on appeal. *State v. O'Neill,* 148 Wn.2d 564, 571, 62 P.3d 489 (2003).

[2] The information does not specify the controlled substance.

On February 2, 2017, Randhawa pleaded guilty to the amended charges. The plea statement provided that "[n]o person has made promises of any kind to cause me to enter this plea except as set forth in this statement." CP at 13. The January 18, 2017, agreement was not set forth in the plea statement. During the plea hearing, the trial court inquired, "Other than the State's offer, has anyone promised you anything to get you to plead guilty?" Verbatim Report of Proceedings (VRP) (Feb. 2, 2017) at 6. Randhawa responded, "No." *Id.*

The trial court accepted Randhawa's plea, finding it was made "knowingly and voluntarily." VRP (Feb. 2, 2017) at 6. The State reserved its sentencing recommendation for "a future date." CP at 8.

On February 21, 2017, the State charged Randhawa with second degree assault-domestic violence and felony violation of a no contact order for an incident where he fractured the jaw of his child's mother, Olga Shkarina. The February 21, 2017, charges were eventually dismissed without prejudice, but another no contact order was entered in March 2017, prohibiting Randhawa from having contact with Shkarina.

In September 2017, Randhawa and Shkarina were involved in a shooting where they were both injured. At this time, there were "two no contact orders in place" ordering Randhawa to not have contact with Shkarina. CP at 71.

The State believed it was no longer bound to recommend a sentence of time served for the February 2, 2017, guilty plea convictions. Prior to sentencing, Randhawa moved to withdraw his guilty plea "pursuant to CrR 4.2(f)." CP at 15. Randhawa argued that withdraw was necessary to correct a manifest injustice because the State breached the January 18, 2017, agreement by refusing to recommend a credit for time served sentence.

The trial court heard oral argument on Randhawa's motion. Regarding the parties' January 18, 2017, agreement, the trial court asked defense counsel, "There is no question, is there, counsel, that [Randhawa] had signed this [January 18, 2017] contract before he entered the pleas. He knew about it." VRP (December 18, 2017) at 21. Defense counsel replied, "Sure, yes." *Id.*

The trial court denied the motion to withdraw Randhawa's guilty plea, entering finding of fact and conclusions of law. The trial court found that, based on police reports, Randhawa "had law abiding behavior violations on more than one occasion" by violating the no contact orders. CP at 71. The trial court then concluded that Randhawa "entered a knowing, voluntary, [and] intelligent plea." CP at 72. The trial court further concluded that the State did not violate the terms of the January 18, 2017, plea agreement. Because Randhawa did not demonstrate a manifest injustice, the trial court denied Randhawa's motion to withdraw his guilty plea.

The trial court sentenced Randhawa to 80 months of confinement for unlawful possession of a controlled substance (heroin) with intent to deliver, unlawful possession of a controlled substance (methamphetamine) with intent to deliver, second degree unlawful possession of a firearm, unlawful delivery of a controlled substance (heroin), and unlawful use of a building for drug purposes.

Randhawa appeals.

ANALYSIS

The State argues that Randhawa's arguments are waived based on the invited error doctrine. The State argues that Randhawa purposely did not make a record of the January 18, 2017, agreement when asked, but now complains that his guilty plea is involuntary because the trial court was unaware of the January 18, 2017, agreement. We agree.

No. 51997-6-II

The invited error doctrine prohibits a party from setting up an error at trial and then complaining of it on appeal. *State v. Momah*, 167 Wn.2d 140, 153, 217 P.3d 321 (2009), *cert. denied*, 562 U.S. 837 (2010). The doctrine applies when "a defendant affirmatively assented to the error, materially contributed to it, or benefitted from it." *Id.* at 154 (citations omitted). If the doctrine applies, our review is precluded. *State v. Stoddard*, 192 Wn. App. 222, 225, 366 P.3d 474 (2016).

Here, the record shows that Randhawa affirmatively did not inform the trial court about the January 18, 2017, agreement. Randhawa's plea statement provided that "[n]o person has made promises of any kind to cause me to enter this plea except as set forth in this statement," and the January 18, 2017, agreement was not set forth in the plea statement. CP at 13. During the plea hearing, the trial court inquired, "Other than the State's offer, has anyone promised you anything to get you to plead guilty?" VRP (Feb. 2, 2017) at 6. Randhawa responded, "No." *Id.* At the very least, Randhawa materially contributed to the trial court's lack of knowledge about the January 18, 2017, agreement. Therefore, we conclude the invited error doctrine precludes review.[3]

We affirm.

---

[3] We note that even if the invited error doctrine did not preclude review, Randhawa's appeal fails. Randhawa's arguments that the trial court erred in denying his CrR 4.2 motion to withdraw his guilty plea were considered and rejected in *State v. Perez*, 33 Wn. App. 258, 262, 654 P.2d 708 (1982). Also, here, the trial court was aware of the nature and reasons for the agreement to the extent conveyed by the parties. We are not persuaded that a guilty plea must automatically be withdrawn when the parties choose not to inform the trial court of all the circumstances of the plea. *See State v. Ridgley*, 28 Wn. App. 351, 358, 623 P.2d 717 (an alleged technical violation of CrR 4.2 does not require vacation of the plea unless the accused can show prejudice resulting from the violation), *review denied*, 95 Wn.2d 1020 (1981). And the trial court held a hearing on Randhawa's motion to withdraw his plea, permitting both parties to file documents to support their arguments and argue their respective positions, which the court considered. We are unpersuaded by Randhawa's argument that more was required.

5

No. 51997-6-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____, A.C.J.
Lee, A.C.J.

We concur:

_____
Worswick, J.

_____
Melnick, J.