[No. 36046.  Department Two.  May 29, 1963.]

WILLIAM FANNIN et al., *Appellants*, v. LEO M. ROE, *Respondent*.*

* Reported in 382 P. (2d) 264.

*Maslan, Maslan & Hanan* and *Bernard D. Greene,* for appellants.

*Montgomery, Montgomery & Purdue,* for respondent.

HAMILTON, J.—This is a personal injury action arising out of an automobile accident. Trial was commenced before a jury. At the conclusion of plaintiffs' evidence, the trial court sustained defendant's challenge to the sufficiency of the evidence and dismissed plaintiffs' action. Plaintiffs' appeal, assigning error to the trial court's ruling.

A review of the record reveals the following version of the accident presented by plaintiffs' evidence: On August 14, 1959, at about 8 p.m., plaintiff wife and her two young children were driving south on Bothel Way, between 137th and 138th Streets, in Seattle. Traffic was normal and it was growing dusk. The purpose of the trip was to pick up plaintiff husband, who was awaiting at a point on the easterly side of Bothell Way. Bothell Way at the point in question is some 59 feet in width, the west half consisting of a 9-foot passing lane, an 8½-foot driving lane, and an 8-foot parking strip. Plaintiff wife entered the block in question at about 20 to 30 miles an hour, traveling in the driving lane. As she approached the point at which she was to meet her husband she observed ample parking space some distance ahead, turned on the right-turn signal, looked in the rear-view mirror and observed no traffic immediately behind her, slowed down, and commenced entering the parking strip at about 5 miles per hour. When the right front tire of plaintiffs' vehicle contacted the curb, and the left point of the rear bumper was extending into the driving lane a distance variously estimated from 1 to 18 inches, she stopped momentarily, preparatory to completing her parking maneuver. At that time, defendant, then traveling in the

driving lane at 20 to 30 miles an hour, struck and scraped the left rear of plaintiffs' vehicle with the right side of his vehicle. The noise of the impact, over the prevailing traffic sounds, was sufficient to attract the attention of plaintiff husband and two persons he was conversing with, some 80 to 90 feet distant from the scene. The left rear bumper and fender of plaintiffs' vehicle were damaged and the trunk lid sprung, causing $100 to $125 depreciation in value. Defendant's vehicle received a scratch or indentation extending the full length of its right side. The force of the impact threw the two children against the dashboard and windshield without serious injury. Plaintiff wife, from the impact and her involuntary action in trying to protect the children, was thrown against the steering wheel and other parts of the vehicle with enough force to cause breakage of a partial denture and injury to her mouth, nose, cervical area, and knees.

Plaintiff wife testified, in substance, that because of the suddenness of the impact, concern for the children, and her contact with the steering wheel, she could not state whether the impact moved plaintiffs' vehicle. Plaintiff husband and the two persons with him testified, in substance, that they heard but did not see the impact and could not testify as to whether plaintiffs' vehicle was moved thereby.

The premise upon which the trial court acted in dismissing plaintiffs' claim is stated in defendant's motion challenging the sufficiency of the evidence, as follows:

" . . . there is no evidence in this case that the plaintiff's automobile was moved by the contact that was made. Under the physical facts then established, reasonable minds could not differ on whether she would be thrown against the steering wheel and thrown about, to have the injuries of which she complains.

"It would be physically impossible without the automobile itself being moved for the plaintiff to be thrown about and injured."

In short, defendant's motion, and the trial court's ruling, are predicated upon the absence of testimony that the

impact between the vehicles occasioned movement of plaintiffs' vehicle.

From this premise it is reasoned: (a) Plaintiffs had the burden of establishing a causal connection between the impact and the injuries; (b) because plaintiffs either presented no direct testimony or equivocated upon the question of vehicular movement, it necessarily follows or must be inferred that plaintiffs' vehicle did not move; (c) under such circumstances physical laws preclude the transmission of force to a body or object within the stationary vehicle; (d) plaintiff wife's testimony that she and the children were thrown about with sufficient force to cause the injuries complained of must be disregarded.

■ The established rule, governing motions challenging the sufficiency of evidence in jury trials, is stated, in *Gregory v. Shannon*, 59 Wn. (2d) 201, 203, 367 P. (2d) 152, as follows:

"By challenging the sufficiency of the evidence, the respondents admit its truth, and all inferences that can reasonably be drawn therefrom. In ruling upon the motion, the trial court must interpret the evidence in the light most favorable to the party against whom the motion was made (appellant), and most strongly against the movant party (respondents). . . ."

■ No element of discretion on the part of the trial court is involved. Such a motion can be granted only when it can be held as a matter of law that there is no evidence or reasonable inference therefrom to sustain a verdict for the opposing party. *Miller v. Payless Drug Stores of Washington,* 61 Wn. (2d) 651, 379 P. (2d) 932; *Lambert v. Smith,* 54 Wn. (2d) 348, 340 P. (2d) 774; *Williams v. Hofer,* 30 Wn. (2d) 253, 191 P. (2d) 306.

■ We have defined an inference as a logical deduction or conclusion from an established fact. *Peterson v. Betts,* 24 Wn. (2d) 376, 165 P. (2d) 95.

■ Proximate cause may be adduced as an inference from other facts proven. *DeYoung v. Seattle,* 51 Wn. (2d) 11, 315 P. (2d) 629; *Wilson v. Northern Pac. R. Co.,* 44 Wn. (2d) 122, 265 P. (2d) 815.

■   It is likewise the rule that when "physical facts are uncontroverted and speak with a force that overcomes all testimony to the contrary, reasonable minds must follow the physical facts, and therefore cannot differ." *Mouso v. Bellingham & Northern R. Co.*, 106 Wash. 299, 303, 179 Pac. 848.

In the instant case, accepting the evidence introduced as true, such evidence established: (a) A grazing collision between defendant's vehicle traveling at 20 to 30 miles an hour and plaintiffs' stationary vehicle parked at an angle with one wheel touching the curb; (b) an impact sufficient in force to (1) be heard, over prevailing traffic noises, by persons 80 to 90 feet from the scene; (2) cause bumper, fender, and trunk damage to plaintiffs' vehicle; and (3) throw plaintiff wife and the children about in the vehicle with enough violence to inflict some injury.

Viewing this evidence in the favorable light required, and applying thereto the physical laws relied upon by defendant, it appears logical and reasonable to infer that plaintiffs' vehicle moved.

The credibility of plaintiffs' version of the accident and the extent of plaintiff wife's injuries present questions for the jury.

The order of dismissal is reversed and the cause remanded for new trial. Costs of appeal will abide the results of trial.

OTT, C. J., DONWORTH, FINLEY, and HUNTER, JJ., concur.