[Nos. 32834-1-III; 32846-5-III.   Division Three.   June 2, 2016.]

THE STATE OF WASHINGTON, *Respondent*, v. JAMES CORTEZ
JOHNSON, *Appellant*.

*In the Matter of the Personal Restraint of* JAMES CORTEZ
JOHNSON, *Petitioner*.

*David N. Gasch* (of *Gasch Law Office*), for appellant/petitioner.

*Matthew L. Newberg, Prosecuting Attorney*, for respondent.

¶1   SIDDOWAY, J. — In a late-filed appeal,[1] a pro se statement of additional grounds, and a timely personal re-

---

[1] Finding extraordinary circumstances, a commissioner of our court extended the time within which Mr. Johnson could file his notice of appeal. *See* Comm'r's Ruling, No. 32834-1-III (Wash. Ct. App. Jan. 13, 2015).

straint petition, James Johnson challenges the sufficiency of evidence to support his conviction of second degree assault, the sentencing court's imposition of legal financial obligations, its directive that he provide a DNA[2] sample, and the effectiveness of his counsel's assistance at trial and on appeal.

¶2 In the published portion of this opinion, we address Mr. Johnson's claim that imposing the mandatory DNA fee provided by RCW 43.43.7541 violates equal protection when applied to a repeat offender. We hold that Mr. Johnson fails to demonstrate the discriminatory intent that must be shown when a neutral statute is challenged based on disparate impact.

¶3 In the unpublished portion of this opinion, we address his remaining contentions. Finding no error, abuse of discretion, or ineffective assistance of counsel, we affirm the judgment and sentence and dismiss the personal restraint petition.

## FACTS AND PROCEDURAL BACKGROUND

¶4 In November 2013, a jury found James Johnson guilty of the second degree assault of his girlfriend, for strangling her or threatening to hit her in the face with a brick (assertedly a deadly weapon). The sentencing court imposed $5,140.88 in legal financial obligations (LFOs). The court also ordered Mr. Johnson to cooperate in collection of a DNA sample.

¶5 Mr. Johnson appeals, arguing that it violates substantive due process and equal protection to impose a DNA collection fee on an offender who has previously paid a DNA collection fee in connection with a prior felony conviction, that the trial court improperly imposed LFOs without making an individualized inquiry into his financial ability to pay, and that it is a manifest abuse of discretion to require him to submit another DNA sample when he has previously submitted one. In a timely personal restraint petition, he argues that insufficient evidence supports his conviction and that he received ineffective assistance of both trial and appellate counsel.

---

[2] Deoxyribonucleic acid.

¶6 We first address his equal protection challenge to the imposition of the DNA collection fee and then turn to his remaining arguments.

Equal Protection

¶7 RCW 43.43.7541 requires every felony sentence imposed on an adult (as well as certain other sentences) to include a $100 DNA fee. The funds are applied toward state and local costs of maintaining a DNA database that facilitates future criminal identification, which Mr. Johnson admits is a legitimate state interest. Br. of Appellant at 17. But he argues that RCW 43.43.7541 violates equal protection by irrationally requiring some defendants (first-time felony offenders) to pay the fee once, while other defendants (repeat felony offenders) must pay the fee multiple times. *Id.* at 19. Where an offender has already paid a DNA collection fee and submitted his DNA, he contends that imposing a second fee is not rationally related to the statute's purpose of collecting, analyzing, and retaining felony offenders' DNA. *Id.* at 21.

¶8 "Under the equal protection clause of the Washington State Constitution, article [I], section 12, and the fourteenth amendment to the United States Constitution, persons similarly situated with respect to the legitimate purpose of the law must receive like treatment." *State v. Coria*, 120 Wn.2d 156, 169, 839 P.2d 890 (1992). "The appropriate level of scrutiny in equal protection claims depends upon the nature of the classification or rights involved." *State v. Hirschfelder*, 170 Wn.2d 536, 550, 242 P.3d 876 (2010). Strict scrutiny applies if the classification is based on a suspect class, such as race, nationality, or alienage, or if it affects a fundamental right. *Nielsen v. Wash. State Bar Ass'n*, 90 Wn.2d 818, 820, 585 P.2d 1191 (1978). Intermediate scrutiny applies "when important rights or semisuspect classifications are affected." *State v. Manussier*, 129 Wn.2d 652, 673, 921 P.2d 473 (1996).

"Absent a fundamental right or suspect class, or an important right or semisuspect class, a law will receive rational basis review." *Hirschfelder*, 170 Wn.2d at 550. Mr. Johnson concedes that because multiple felony offenders are not a suspect or semisuspect class and no fundamental right is at issue, rational basis review applies. Br. of Appellant at 19-20.

¶9 RCW 43.43.7541 does not distinguish between single and multiple felony offenders. It requires the sentencing court to impose a DNA fee in "[e]very sentence imposed for a crime specified in RCW 43.43.754." Mr. Johnson is essentially arguing that the statute, which is neutral on the matter of how many times an offender has been convicted, has a disparate impact on repeat offenders. Without proof of discriminatory intent, a generally applicable law with disparate impact is not unconstitutional. *Crawford v. Marion County Election Bd.*, 553 U.S. 181, 207, 128 S. Ct. 1610, 170 L. Ed. 2d 574 (2008). "The Fourteenth Amendment does not regard neutral laws as invidious ones, *even when their burdens purportedly fall disproportionately on a protected class. A fortiori* it does not do so when . . . the classes complaining of disparate impact are not even protected." *Id.* (some emphasis added); *accord State v. Saintcalle*, 178 Wn.2d 34, 53 n.8, 309 P.3d 326 (2013) (plurality opinion) (observing that before the decision in *Batson v. Kentucky*, 476 U.S. 79, 106 S. Ct. 1712, 90 L. Ed. 2d 69 (1986), "it was well established that disproportionate impact alone does not violate the equal protection clause").

¶10 Mr. Johnson does not assert, let alone demonstrate, that the legislature had a discriminatory intent in enacting RCW 43.43.7541.[3] This court has previously recognized that the legislature's purpose in adopting the law was to fund the operation of databases that it has found to

---

[3] He also does not contend that the equal protection analysis under the Washington Constitution differs from that under the federal constitution. The equal protection clauses of the United States Constitution, amendment XIV, section 1, and the Washington Constitution, article I, section 12, are substantially identical. *State v. Shawn P.*, 122 Wn.2d 553, 559-60, 859 P.2d 1220 (1993).

be "important tools in criminal investigations, in the exclusion of individuals who are the subject of investigation or prosecution, and in detecting recidivist acts." *State v. Brewster*, 152 Wn. App. 856, 860, 218 P.3d 249 (2009). It has held that the DNA fee's "purpose is monetary, rather than retributive or deterrent," and that it "is not excessive in relation to its purpose." *Id.* at 861.

¶11 Because Mr. Johnson does not demonstrate discriminatory intent, we need not engage in rational basis review of this neutral statute.[4] It does not violate constitutional guaranties of equal protection.

¶12 For reasons discussed hereafter, we affirm Mr. Johnson's conviction, dismiss his personal restraint petition, and remand for resentencing with proper consideration of his ability to pay any discretionary LFOs imposed.

¶13 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder, having no precedential value, shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

FEARING, C.J., and LAWRENCE-BERREY, J., concur.

---

[4] Under the rational basis test, we would determine if there is a rational relationship between the classification and a legitimate state interest. *State v. Osman*, 157 Wn.2d 474, 486, 139 P.3d 334 (2006). "Underlying this scrutiny is the notion that the party challenging the classification has the heavy burden of overcoming the presumption of a statute's constitutionality." *Yakima County Deputy Sheriff's Ass'n v. Bd. of Comm'rs*, 92 Wn.2d 831, 835, 601 P.2d 936 (1979).