FILED
SEPT 27, 2016
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 33249-7-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LYZETTE VARGAS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, J. — Lyzette Vargas appeals her conviction for residential burglary,

challenging only certain aspects of her judgment and sentence that she did not object to at

sentencing. Since her arguments are ones we have repeatedly rejected in recent months,

we summarily affirm without significant discussion.

Specifically, Ms. Vargas argues that the trial court did not conduct an inquiry into

her ability to pay prior to imposing sentence, imposition of the DNA collection fee

violates her due process and equal protection rights, and she should not have been

ordered to provide an additional DNA sample.

Sentencing in this case occurred March 24, 2015, twelve days after the decision in

*State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015). In response to an inquiry from

the trial court, Ms. Vargas confirmed that she was employable. The court then imposed

legal financial obligations (LFOs) totaling $2,848. Of that sum, mandatory assessments that are made without concern for the defendant's ability to pay total $800. *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013) (mandatory fees, that include victim restitution, victim assessments, DNA fees, and criminal filing fees, operate without the court's discretion by legislative design); *State v. Kuster*, 175 Wn. App. 420, 424, 306 P.3d 1022 (2013) (victim assessment and DNA collection fee mandatory). Similarly, the $500 fine is not subject to a *Blazina* inquiry. *State v. Clark*, 191 Wn. App. 369, 362 P.3d 309 (2015).

At least $1,298 of the remaining $1,548 involve clearly discretionary costs and were subject to the statutory inquiry.[1] Although *Blazina* empowers appellate courts to consider LFO challenges where the trial court did not conduct the statutory inquiry at sentencing, it is less certain whether that discretionary authority applies to post-*Blazina* sentencings where an inadequate inquiry was conducted. Assuming that we have such authority, we decline to exercise it under the facts of this case. Ms. Vargas admitted she was employable and did not plead any impediment to earning a living upon release from custody.

---

[1] "It is unclear to us whether the $250 jury demand fee is a mandatory or discretionary cost." *State v. Clark*, No. 32839-2-III, slip op. at 4 (Wash. Ct. App. Sept. 8, 2016), http://www.courts.wa.gov/opinions/pdf/328392_pub.pdf (comparing statutes and cases).

2

The remaining issues need even less discussion. As to the claim that her due process rights were violated by imposition of the DNA collection fee, Ms. Vargas can point to no facts in the record suggesting she cannot pay the $100 fee. This alleged error therefore is not manifest and we decline to review it. RAP 2.5(a)(3); *State v. Lewis*, 194 Wn. App. 709, 715, ___ P.3d ___ (2016); *State v. Shelton*, 194 Wn. App. 660, 674-75, ___ P.3d ___ (2016); *State v. Stoddard*, 192 Wn. App. 222, 366 P.3d 474 (2016).

The equal protection argument fares no better. Although it states a reviewable constitutional claim, it does not have any merit, in large part because there is no factual basis to establish that anyone was negatively impacted by the classification. *Lewis*, 194 Wn. App. at 715-20; *State v. Johnson*, 194 Wn. App. 304, 374 P.3d 1206 (2016); *State v. Mathers*, 193 Wn. App. 913, 376 P.3d 1163 (2016).

Ms. Vargas next contends that she should not have to provide an additional DNA sample. However, the record does not contain any evidence indicating whether she has done so in the past. Accordingly, there is no basis for relief. *Lewis*, 194 Wn. App. at 720-21.

We grant Ms. Vargas' motion to permit the filing of her motion to waive appellate costs. Having considered her request, a majority has decided to grant the motion, although this author would deny the motion.

3

No. 33249-7-III
*State v. Vargas*

Affirmed.

A majority of the panel has determined this opinion will not be printed in the

Washington Appellate Reports, but it will be filed for public record pursuant to RCW

2.06.040.

_____
Korsmo, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.

4