# IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 74157-8-I |
| Respondent, | |
| v. | DIVISION ONE |
| STEPHEN EDWARD HUTSELL, | UNPUBLISHED OPINION |
| Appellant. | FILED: January 17, 2017 |

LEACH, J. — Stephen Hutsell challenges the trial court's imposition of the mandatory $100 deoxyribonucleic acid (DNA) testing fee required by RCW 43.43.7541. He claims the fee, as applied to a repeat felony offender, violates equal protection. Our recent opinion in State v. Lewis[1] considered and rejected the same argument. We affirm.

## FACTS

On May 22, 2015, the State charged Hutsell with possession of a controlled substance (heroin). He pleaded guilty as charged. Because the State had Hutsell's DNA on file as a result of a prior conviction, the trial court did not require Hutsell to undergo a DNA test. It did, however, impose a $100 DNA testing fee. At sentencing, Hutsell challenged the imposition of the DNA testing fee. Concluding that a statute required the fee, the court rejected Hutsell's challenge. Hutsell appeals.

---

[1] 194 Wn. App. 709, 379 P.3d 129 (2016), review denied, No. 93420-7 (Wash. Dec. 7, 2016).

## ANALYSIS

Hutsell claims that the mandatory DNA collection fee required by RCW 43.43.7541, as applied to a repeat felony offender, violates equal protection. But in <u>Lewis</u>, this court considered and rejected the same challenge. We held that a rational basis exists to impose a fee for every felony sentence because the fee funds both the cost of collection and the costs to operate and maintain the state DNA database.[2] Following <u>Lewis</u>, we affirm the trial court's imposition of the DNA testing fee.

Hutsell asks the court to waive his appellate costs. RAP 14.2 permits an appellate court to bar an award of costs in a decision terminating review. Here, the State states that it does not intend to request appellate costs. This makes Hutsell's request moot, and we do not consider it.

## CONCLUSION

We affirm.

Leach, J.

WE CONCUR:

---

[2] <u>Lewis</u>, 194 Wn. App. at 719-20 (citing <u>State v. Johnson</u>, 194 Wn. App. 304, 307-08, 374 P.3d 1206 (2016)).