IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

STATE OF WASHINGTON,      )
                          )    No.  33311-6-III
          Respondent,     )
                          )
   v.                     )
                          )
MANUEL RODRIGUEZ-FLORES,  )    UNPUBLISHED OPINION
                          )
          Appellant.      )

SIDDOWAY, J. — Manuel Rodriguez-Flores was found guilty of three counts of delivering methamphetamine within 1,000 feet of a school bus stop and one count of possessing methamphetamine with intent to deliver. While he does not challenge his conviction of the delivery and possession offenses, he contends that insufficient evidence supports the jury's special verdicts as to the proximity of the deliveries to school bus stops, that the trial court improperly ran the school bus stop enhancements consecutively to each other, and that the trial court's high-end sentence punished him for refusing to accept a plea bargain. He also challenges legal financial obligations (LFOs) for the first time on appeal.

In light of our Supreme Court's intervening decision in *State v. Conover*, 183 Wn.2d 706, 355 P.3d 1093 (2015), the court committed error when it assumed that the

school bus stop enhancements must run consecutively to each other. We remand for that reason and so that the court can clarify any ambiguity about its reason for imposing a high-end sentence. At that time, the court can engage in the *Blazina*[1] inquiry that Mr. Rodriguez-Flores contends has not yet been conducted. We otherwise affirm.

### FACTS AND PROCEDURAL BACKGROUND

Manuel Rodriguez-Flores was tried on charges of (1) delivering methamphetamine to a confidential informant on October 14, 16, and 20, 2014, with special allegations that each delivery took place within 1,000 feet of a school bus stop; and (2) possessing methamphetamine with intent to deliver on January 25, 2015. Mr. Rodriguez-Flores's third delivery to the confidential informant was videotaped. The possession with intent to deliver charge was based on bindles of methamphetamine found in Mr. Rodriguez-Flores's clothing during a strip search at the Okanogan County jail.

At the time of trial, the trial court was informed that Mr. Rodriguez-Flores would stipulate that the deliveries alleged had occurred within 1,000 feet of a school bus stop. It questioned the prosecutor, who represented that he had witnesses available to testify to facts supporting the enhancement, and questioned Mr. Rodriguez-Flores, who affirmed his understanding that he had a right to have the State prove facts supporting the enhancements beyond a reasonable doubt but agreed to stipulate.

---

[1] *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015).

The court then instructed the jury on the significance of a stipulation and told the jurors, "The parties stipulate that as to Counts I, II and IV, that the location of the alleged acts occurred within 1,000 feet of a school bus stop." Report of Proceedings (RP) at 176-77. When it asked the prosecutor and defense counsel whether its statement of the stipulation was accurate, both affirmed that it was.

The jury found Mr. Rodriguez-Flores guilty as charged, returning special verdict forms finding, in connection with counts one, two, and four, that Mr. Rodriguez-Flores delivered "a controlled substance to a person within 1000 feet of a school bus route stop designated by a school district."[2] Clerk's Papers (CP) at 80-82.

At sentencing, the State informed the trial court that with the school bus stop enhancements running consecutive to the base sentence and consecutively to each other, the standard range for Mr. Rodriguez-Flores's crimes was 92 to 132 months. It recommended 100 months in prison and 12 months' supervision by the Department of Corrections. Following the State's recommendation, the following exchange occurred:

> THE COURT: . . . Mr. Rodriguez-Flores, you care to say anything prior to sentencing?
> DEFENDANT: Well, yes, they, they judged me for something that I—that was not true.
> THE COURT: Okay. Anything else?

---

[2] To be more precise, Special Verdict Form A omitted the word "district," referring to "a school bus stop designated by a school." Clerk's Papers (CP) at 80. Mr. Rodriguez-Flores is aware of that discrepancy and has not identified it as a separate basis for appeal. Br. of Appellant at 5 n.7.

3

DEFENDANT: I've been here legally for 30 [years[3]] and I never had any problems. Thirty years. Never had any problems.

THE COURT: Well, Mr. Rodriguez-Flores, let me tell you this: You had no defense. They had you on video. They had you under surveillance. You had absolutely no defense and you went to trial anyway. And I know because of what was going on in this Court at that time that I had another jury in that you were offered a plea bargain of significantly less time. I have absolutely no question in my mind that you will be released and continue to do the same kind of stuff. I don't think you have any remorse; I don't think you have any concern. 132 months.

RP at 237-38.

The trial court entered a judgment and sentence imposing the 132 months' incarceration and $2,050 in LFOs. Mr. Rodriguez-Flores appeals.

## ANALYSIS

### *Evidence sufficiency*

Mr. Rodriguez-Flores first assigns error to the sufficiency of the evidence to support the jury's findings that the three controlled substance deliveries took place "within 1000 feet of a school bus route stop designated by a school district." He specifically challenges the sufficiency of the evidence to establish the seating capacity of the school buses or that the deliveries occurred within 1,000 feet of a stop "designated by a school district." Br. of Appellant at 1-2. He attaches significance to the fact that the

---

[3] According to the transcript, Mr. Rodriguez-Flores first misspoke, saying "30 days." RP at 237.

jury instructions included the following instruction proposed by the State, which he

argues constitutes "law of the case":

> "School bus" means a vehicle that meets the following requirements:
> (1) has a seating capacity of more than ten persons including the driver; (2)
> is regularly used to transport students to and from school or in connection
> with school activities; and (3) is owned and operated by any school district
> or privately owned and operated under contract or otherwise with any
> school district for the transportation of students. The term does not include
> buses operated by common carriers in the urban transportation of students
> such as transportation of students through a municipal transportation
> system.

CP at 71 (Jury Instruction 16).

In considering a sufficiency of the evidence challenge, we must determine

whether, after viewing the evidence in the light most favorable to the prosecution, any

rational trier of fact could have found the essential elements of the crime, or in this case,

facts supporting the enhancement, beyond a reasonable doubt. *See, e.g., State v. Condon*,

182 Wn.2d 307, 314, 343 P.3d 357 (2015). A claim of insufficiency admits the truth of

the State's evidence and all inferences that reasonably can be drawn from it. *Id.*

"Inferences" are logical deductions or conclusions from established facts. *Fannin v. Roe*,

62 Wn.2d 239, 242, 382 P.2d 264 (1963).

"When the parties stipulate to the facts that establish an element of the charged

crime, the jury need not find the existence of that element, and the stipulation therefore

constitutes a waiver of the 'right to a jury trial on that element,' as well as the right to

require the State prove that element beyond a reasonable doubt." *State v. Humphries*,

181 Wn.2d 708, 714-15, 336 P.3d 1121 (2014) (citation omitted) (quoting *United States v. Mason*, 85 F.3d 471, 472 (10th Cir.1996)); *Sullivan v. Louisiana*, 508 U.S. 275, 278, 113 S. Ct. 2078, 124 L. Ed. 2d 182 (1993).

The question posed to the jurors on the special verdict forms was, with respect to the respective count, "[D]id the defendant, Manuel Rodriguez-Flores, deliver a controlled substance to a person within 1000 feet of a school bus route stop designated by a school district?" CP at 80-82. The jurors had been advised of the parties' stipulation that "as to Counts I, II and IV, that the location of the alleged acts occurred within 1,000 feet of a school bus stop." RP at 176-77.

Mr. Rodriguez-Flores's first argument fails on the basis of the stipulation itself. While jury instruction 16, defining "school bus," was unnecessary given the parties' stipulation, it would not have been confusing to the jury nor did it create a burden of proof for the State. The defense had stipulated that the deliveries alleged took place within 1,000 feet of a "school bus stop." Jurors could and would reasonably infer that the "school bus stop" conceded by the defense must be for "school buses" as defined by jury instruction 16.

As for the second argument, the stipulation did not speak to the bus stops being designated by the school district, nor was the jury instructed that "school bus stop" is defined as a stop designated by the school district. Still, a reasonable juror could infer that school bus stops are designated by school districts. Who else would designate them?

This is unlike cases where, lacking a stipulation, evidence of school district designation is the proof necessary to establish a school bus stop. *See* RCW 69.50.435(5); *State v. Pearson*, 180 Wn. App. 576, 581-82, 321 P.3d 1285 (2014). Here, the stipulation eliminated that hurdle, because it was a fact, established by the stipulation, that the alleged acts occurred within 1,000 feet of a school bus stop. While jurors still had to infer that the school bus stop was designated by a school district to answer yes on the special verdict forms, Mr. Rodriguez-Flores fails to persuade us that no rational juror could have inferred beyond a reasonable doubt that school bus stops are designated by school districts.

### Sentencing error

Mr. Rodriguez-Flores next argues that the trial court had no authority to impose the school bus stop enhancements consecutively to each other, citing *State v. Conover*, which was decided on August 13, 2015, three months after the sentencing in this case. 183 Wn.2d 706. In *Conover*, our Supreme Court held that the school bus stop enhancement statute—RCW 9.94A.533(6)—requires trial courts to run such an enhancement consecutive to the drug crime sentence it enhances, but not consecutively to each other. Although Mr. Rodriguez-Flores did not make this argument in the trial court, the imposition of a potentially erroneous sentence "may be challenged for the first time on appeal." *State v. Ford*, 137 Wn.2d 472, 477, 973 P.2d 452 (1999).

7

The State concedes that *Conover* applies, that RCW 9.94A.589 governs the determination of consecutive versus concurrent sentencing, and that the case should be remanded for resentencing. We accept the State's concession.

*Right to jury trial*

Mr. Rodriguez-Flores next argues that the trial court punished him for exercising his right to a jury trial when it imposed a total period of incarceration of 132 months, exceeding the 100 months recommended by the State. He asks that we vacate the sentence and remand for resentencing before a different judge.

The 132-month sentence was the high-end of the standard range and ordinarily, if the trial court imposes a standard range sentence, it is not appealable. RCW 9.94A.585(1). A defendant may appeal a standard range sentence if the sentencing court failed to comply with constitutional requirements, however. *State v. Osman*, 157 Wn.2d 474, 481-82, 139 P.3d 334 (2006). A court violates a defendant's Sixth Amendment right to a jury trial when it penalizes him or her for choosing to not take a plea deal. *See United States v. Jackson*, 390 U.S. 570, 581, 88 S. Ct. 1209, 20 L. Ed. 2d 138 (1968). "The constitutional principle of *United States v. Jackson* . . . is that if the severity of the punishment is dependent upon the way guilt is determined—*e.g.*, by a plea of guilty or by a jury trial—this imposes an impermissible burden on the exercise of constitutional rights." *State v. Frampton*, 95 Wn.2d 469, 480, 627 P.2d 922 (1981).

8

Citing cases from other jurisdictions, Mr. Rodriguez-Flores asks us to adopt the principle that if there is any implication that the trial court was punishing the defendant for exercising his Sixth Amendment right, we should remand for resentencing. The reasoning of cases he cites is that to avoid a chilling effect upon the exercise of the right to a jury trial, it is appropriate to vacate and remand for resentencing anytime there is even an appearance that the sentence penalized a defendant for refusing to plead to a charge. *E.g., United States v. Medina-Cervantes*, 690 F.2d 715, 716-17 (9th Cir. 1982). In *Hess v. United States*, 496 F.2d 936, 938 (8th Cir. 1974), the court explained that remand where "the tenor of the court's observation is not entirely clear" is appropriate in part, "because the remedy is relatively painless."

The remedy is particularly painless in this case, since resentencing is already required. We therefore remand for resentencing as to Mr. Rodriguez-Flores's entire sentence. We will not require resentencing to take place before a different judge. We merely caution the court to avoid even an implication that a harsh sentence is based on Mr. Rodriguez-Flores's choice to stand trial.

### *LFOs*

Finally, Mr. Rodriguez-Flores argues that the trial court improperly imposed discretionary LFOs without conducting the required inquiry into his ability to pay. Since we are remanding for resentencing, the trial court is expected to conduct a *Blazina*

9

inquiry on remand. Mr. Rodriguez-Flores is expected to take steps to preserve the error if it does not.

Mr. Rodriguez-Flores also argues trial courts are required to consider a defendant's ability to pay even mandatory LFOs. This court has refused to consider or has rejected the challenges to mandatory LFOs made by Mr. Rodriguez-Flores in *State v. Lundy*, 176 Wn. App. 96, 102, 308 P.3d 755 (2013) (generally rejecting constitutional challenges); *State v. Stoddard*, 192 Wn. App. 222, 228-29, 366 P.3d 474 (2016) (alleged substantive due process violation was not manifest error; refusing to consider it as unpreserved); *State v. Mathers*, 193 Wn. App. 913, 919, 376 P.3d 1163, *review denied*, 186 Wn.2d 1015 (2016) (rejecting challenges based on RCW 10.01.160, *Blazina*, GR 34, equal protection, and substantive due process on the merits); *State v. Johnson*, 194 Wn. App. 304, 308-09, 374 P.3d 1206 (2016) (rejecting equal protection challenge alleging disparate impact where no discriminatory intent shown); *State v. Tyler*, 195 Wn. App. 385, 404 n.11, 382 P.3d 699 (2016); (rejecting constitutional challenge and challenge based on RCW 10.01.130(3));and *State v. Seward*, 196 Wn. App. 579, 586-87, 384 P.3d 620 (2016) (rejecting challenges based on substantive due process, *State v. Blank*, 131 Wn.2d 230, 930 P.2d 1213 (1997), and RCW 10.01.160(3) on the merits). *See also State v. Curry*, 118 Wn.2d 911, 917 n.3, 829 P.2d 166 (1992) (rejecting constitutional challenge as premature). If Mr. Rodriguez-Flores has any challenges to mandatory LFOs

that he believes are not foreclosed by precedent, he is expected to take steps to preserve error at the time of resentencing.

The judgment is affirmed and the case is remanded for resentencing in accordance with this opinion.[4]

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Fearing, C.J.

_____
Pennell, J.

_____

[4] Because the State is not a substantially prevailing party on appeal, we need not consider Mr. Rodriguez-Flores's request that we deny it costs on appeal. *See* RAP 14.2.