FILED
COURT OF APPEALS DIV I
STATE OF WASHINGTON

2018 FEB -5 AM 9: 15

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | | |
|---|---|---|
| JON RAPPAPORT, | ) | No. 75860-8-I |
| | ) | |
| Appellant, | ) | DIVISION ONE |
| | ) | |
| v. | ) | |
| | ) | |
| NICOLE HANSON and JOHN DOES 1 | ) | UNPUBLISHED OPINION |
| through 100, persons and/or corporate | ) | |
| entities, | ) | |
| | ) | |
| Respondents. | ) | FILED: February 5, 2018 |

SCHINDLER, J. — Jon Rappaport appeals summary judgment dismissal of his personal injury lawsuit. Viewing the evidence in the light most favorable to Rappaport as the nonmoving party, material issues of fact preclude summary judgment dismissal of the lawsuit. We reverse and remand for trial.

Car Accident

On August 31, 2011, Jon Rappaport was driving westbound on SW Admiral Way in West Seattle. Nicole Hanson was driving eastbound. Her mother was a passenger in the car. Hanson's vehicle crossed over the center line. According to Rappaport, the mirror of Hanson's car hit the mirror of his car.

On September 1, Rappaport went to Northwest Hospital and Medical Center. Rappaport had pain in his upper back, shoulders, and head. Rappaport told the

emergency room doctor that a " 'girl driving towards him crossed over the yellow line' " and the car mirror of her car hit the car mirror of his car.

Rappaport contacted Hanson's insurance provider GEICO and reported the collision. Rappaport told the GEICO claim investigator that Hanson's driver-side mirror hit his car.

Personal Injury Lawsuit

On September 2, 2014, Rappaport filed a personal injury lawsuit in King County District Court against Hanson. Rappaport alleged that on August 31, 2011, Hanson negligently operated her vehicle by crossing the double yellow line into the opposing lane of travel. Rappaport alleged Hanson's car struck his car and as a result, he was injured. Rappaport sought personal injury damages.

Hanson filed an answer and affirmative defenses. Hanson admitted she was the driver of the 2006 Acura and "the accident occurred in the evening on August 31." Hanson denied the remaining allegations.

Motion for Summary Judgment

Hanson filed a motion for summary judgment dismissal of the lawsuit. Hanson argued there was no evidence that Rappaport's injuries were caused by the "alleged accident." In support of the motion, Hanson attached her declaration, a repair estimate from her insurance company GEICO, photographs of Rappaport's car, the declaration of orthopedic surgeon Dr. Stanley Kopp, and the declaration of chiropractor Dr. Mark Sutton.

Hanson admitted that on August 31, 2011, she was traveling eastbound on SW Admiral Way and her "vehicle crossed over the double yellow lines separating the eastbound and westbound lanes of travel." Hanson admitted her car "passed closely by

2

[Rappaport]'s vehicle" but she denied her car struck the driver-side mirror on Rappaport's car.

A GEICO repair estimate dated September 15, 2011 states there is "no damage" to Hanson's car. Hanson also submitted photographs that a GEICO investigator took of Rappaport's car.

Dr. Kopp and Dr. Sutton reviewed the September 1, 2011 medical records from Northwest Hospital. The medical records state that an X-ray and MRI[1] scan show an "apparent facet offset at C6-C7"[2] and that a doctor diagnosed cervical sprain.

Dr. Kopp states that "[o]n a more probable than not basis, and to a reasonable degree of medical certainty," the facet offset "could not have been caused by . . . a collision between the parties' vehicles in which the mirrors made contact, but which did not result in any damage to the mirrors." Dr. Sutton states that in his opinion, it is "highly unlikely" that Rappaport sustained any soft-tissue injuries to his neck.

> The reported mechanism of injury at play in this alleged accident was insufficient to cause Plaintiff any sprain or strain type of injuries. Put differently, the alleged collision did not result in any damage to either vehicle; thus, it is highly unlikely that forces insufficient to cause **any** property damage to the vehicles would be sufficient forces to cause soft-tissue injuries to the occupants of said vehicles.[3]

In opposition, Rappaport argued there were genuine issues of material fact as to whether the driver-side mirror of Hanson's car struck the driver-side mirror of his car, resulting in his injuries. Rappaport submitted his declaration; the Seattle Fire Department (SFD) incident report; the declaration of a friend, Philip Long; the

---

[1] Magnetic resonance imaging.

[2] Cervical vertebra 6 and 7.

[3] Emphasis in original.

September 1, 2011 Northwest Hospital medical records; pharmacy receipts; and medical insurance claim forms.

In his declaration, Rappaport states that on August 31, 2011, Hanson's vehicle crossed over the center line and "struck [his] car." Rappaport testified that Hanson drove away and he followed her into a parking lot. Rappaport said Hanson appeared " 'out of it' " and "sleepy."

Rappaport stated he called 911 and then called his friend Long to tell him that "he had just been in an accident with a woman who crossed the centerline on Admiral, hit him, and then took off." While waiting for the SFD to respond, Rappaport said Hanson's mother "wiped off all signs of contact . . . from Hanson's driver's side mirror." Rappaport said he "confronted [Hanson's mother] about what she was doing" and she "became defensive."

The SFD report states, "2 CAR Motor vehicle accident . . . . 45 Year Old Male BACK P[AI]N." Long testified that Rappaport came to his house after the collision between 7:30 p.m. and 8:00 p.m. Because Rappaport "was injured and in pain," they did not attend a baseball game that night as planned.

The Northwest Hospital September 1, 2011 medical records state that the attending physician examined Rappaport and ordered an X-ray and an MRI scan. The X-ray and MRI scan showed a "facet offset"—a partial dislocation of the vertebra. The doctor noted the facet offset suggests a "[c]orrelation with the patient[']s physical symptoms." The doctor prescribed a muscle relaxant and pain medication.

The district court granted summary judgment and dismissed the lawsuit. Rappaport filed a motion for reconsideration. Rappaport submitted medical records from neurosurgical specialist Dr. Steven Klein and the declaration of Northwest Hospital

emergency medicine specialist Dr. Gregory Schroedl. Dr. Klein states that he examined Rappaport on September 6, 2011, diagnosed "back and neck pain," and prescribed physical therapy. Dr. Schroedl states that based on his review of the medical records, "the medical examinations at Northwest Hospital demonstrate objective and subjective symptoms consistent with that off [sic] an individual involved in a motor vehicle collision." Dr. Schroedl states that "on a more probable than not basis, Mr. Rappaport was injured due to the motor vehicle collision occurring on August 31."

The district court considered the declarations of Dr. Klein and Dr. Schroedl but denied the motion for reconsideration. The order states:

> The Plaintiff has submitted documents in support of this motion which were previously submitted and considered by the court.
>
> Additional information presented by the plaintiff is Exhibit EE, a declaration by Dr. Gregory Schroedl, and Exhibit 6, records relating to an examination by Dr. Steven Klein. Dr. Schroedl's declaration does not raise an issue of material fact. He performed a records review only and did not review the declarations or attachments of Dr. Kopp and Dr. Sutton. His conclusions are summarily stated. He does not address the primary issue in this case which is causation related to the existence of physical contact between the vehicles and the result of physical contact.
>
> The court does not find that a material issue of fact exists, specifically on the issue of whether the minimal contact alleged is capable of causing the injuries alleged in the complaint.

Appeal to Superior Court

Rappaport appealed the district court decision. Rappaport argued whether a collision occurred is a fact question for the jury. Hanson argued because the "undisputed physical evidence" shows there was no damage to either of the cars, Rappaport could not establish proximate cause or injury. The superior court affirmed

summary judgment dismissal of the lawsuit. The court ruled there was no "competent evidence" to support the conclusion that a collision occurred.

> The complaint in this case, and plaintiff's declarations . . . all assert that he was injured as a result of his car having been struck by Ms. Hanson's car. . . .
> There is no competent evidence supporting the fact that a collision occurred in this case. Every declaration and document plaintiff relies on is based on his own statement that a collision occurred. . . .
> . . . Appellant failed to provide competent testimony to support the causation and injury elements of his negligence claim.

Discretionary Review

Rappaport filed a motion for discretionary review of the superior court order affirming the district court decision on summary judgment to dismiss his personal injury lawsuit.[4] Rappaport argued the superior court did not view the facts in the light most favorable to the nonmoving party, disregarded his testimony, and improperly weighed the evidence. A commissioner of this court granted review under RAP 2.3(d)(1).

> This case arises from an alleged automobile collision in August 2011. Rappaport was driving eastbound on S.W. Admiral Way in Seattle. It is undisputed that Hanson, who was driving westbound, crossed over the double yellow line. Rappaport alleges that Hanson's car struck his car; Hanson denies that her car struck Rappaport's car. Rappaport provided evidence of injuries he allegedly suffered. In affirming summary judgment dismissal, the superior court reasoned that there was no competent evidence, i.e. physical evidence, that a collision occurred. The court apparently disregarded Rappaport's testimony. Although the evidence is very limited, it appears that the court weighed the evidence instead of leaving that task for a jury, contrary to the established case law Rappaport cites. The court's decision appears to be in conflict with appellate case law. RAP 2.3(d)(1).

---

[4] Rappaport assigns error to additional superior court decisions. We review only the decision designated in the notice for discretionary review. RAP 2.4(a). We granted review of the decision to dismiss Rappaport's personal injury lawsuit on summary judgment. City of Bothell v. Barnhart, 156 Wn. App. 531, 538 n.2, 234 P.3d 264 (2010).

Summary Judgment Dismissal

RALJ 9.1 governs an appeal from a superior court order affirming a district court order. We review the record before the district court. Elliott Bay Adjustment Co. v. Dacumos, 200 Wn. App. 208, 212-13, 401 P.3d 473 (2017). We review summary judgment de novo. Loeffelholz v. Univ. of Wash., 175 Wn.2d 264, 271, 285 P.3d 854 (2012). We view the facts and reasonable inferences in the light most favorable to the nonmoving party. Lakey v. Puget Sound Energy, Inc., 176 Wn.2d 909, 922, 296 P.3d 860 (2013). Where there are no genuine issues of material fact, the moving party is entitled to judgment as a matter of law. CR 56(c); Loeffelholz, 175 Wn.2d at 271. A material fact is one upon which the outcome of the litigation depends. Owen v. Burlington N. Santa Fe R.R., 153 Wn.2d 780, 789, 108 P.3d 1220 (2005). On summary judgment, we consider supporting affidavits and other admissible evidence based on personal knowledge. Int'l Ultimate, Inc. v. St. Paul Fire & Marine Ins. Co., 122 Wn. App. 736, 744, 87 P.3d 774 (2004). When reasonable minds could reach but one conclusion, summary judgment is appropriate. Owen, 153 Wn.2d at 788.

To establish negligence, Rappaport must prove (1) duty, (2) breach, and (3) injury proximately caused by the breach. Miller v. Jacoby, 145 Wn.2d 65, 74, 33 P.3d 68 (2001). Every person using a public street or highway has a duty to exercise ordinary care to avoid placing others in danger and to avoid a collision. Martini v. State, 121 Wn. App. 150, 160, 89 P.3d 250 (2004) (citing Robison v. Simard, 57 Wn.2d 850, 851, 360 P.2d 153 (1961)). The failure to exercise ordinary care is a breach of the duty. See Schwartz v. Elerding, 166 Wn. App. 608, 615, 270 P.3d 630 (2012). Under RCW 46.61.100(1)(a), "a vehicle shall be driven upon the right half of the roadway, except . . . [w]hen . . . passing another vehicle proceeding in the same direction."

7

If evidence shows that the driver failed to comply with the required standard of care, the question of negligence is left to the jury. Walter v. King County Metro, 126 Wn. App. 904, 908, 109 P.3d 836 (2005). " '[I]ssues of negligence and proximate cause are generally not susceptible to summary judgment.' " Owen, 153 Wn.2d at 788 (quoting Ruff v. King County, 125 Wn.2d 697, 703, 887 P.2d 886 (1995)).

Hanson does not dispute that she had a duty to exercise ordinary care and that she breached that duty by crossing the center line. But Hanson cites the rule in Bohnsack v. Kirkham, 72 Wn.2d 183, 190, 432 P.2d 554 (1967), to argue that based on the uncontroverted physical facts, reasonable minds could only conclude no collision occurred.

In Bohnsack, the plaintiff alleged the defendant's car turned left into his lane of travel and struck his car. Bohnsack, 72 Wn.2d at 184-85. At trial, the plaintiff testified the defendant's car turned left "directly in front of him." Bohnsack, 72 Wn.2d at 188. The defendant testified the collision occurred in his lane after the plaintiff crossed the center line and entered his lane of travel. Bohnsack, 72 Wn.2d at 189. The police officer testified "unequivocally" that the collision occurred in the plaintiff's lane of travel. Bohnsack, 72 Wn.2d at 188. The officer testified the skid marks were "wholly on [plaintiff's] side of the road." Bohnsack, 72 Wn.2d at 188-89. The jury returned a verdict in favor of the defendant. Bohnsack, 72 Wn.2d at 185.

The trial court granted a motion for a new trial because the " 'evidence was overwhelming' " that the collision occurred in the plaintiff's lane of travel. Bohnsack, 72 Wn.2d at 186.[5] The Washington Supreme Court affirmed. Bohnsack, 72 Wn.2d at 195.

---

[5] Emphasis in original.

The Supreme Court held that where " 'physical facts are uncontroverted and speak with a force that overcomes all testimony to the contrary, reasonable minds must follow the physical facts, and therefore cannot differ.' " Bohnsack, 72 Wn.2d at 190[6] (quoting Fannin v. Roe, 62 Wn.2d 239, 243, 382 P.2d 264 (1963) (reversing motion to dismiss at the close of plaintiff's case-in-chief because the evidence showed "plaintiffs' vehicle moved" upon impact)); see also Mouso v. Bellingham & N. Ry. Co., 106 Wash. 299, 303-04, 179 P. 848 (1919) (reversing denial of defendant's motion for directed verdict because the "uncontradicted testimony" of the civil engineer established plaintiff could have seen the train in time to avoid the collision).

Hanson contends that in the absence of corroborating physical evidence, Rappaport's testimony cannot create a material issue of fact. Hanson argues the GEICO repair estimate of her car and the photographs of Rappaport's car establish "there was no damage to either vehicle."

Viewing the evidence and all reasonable inferences in the light most favorable to Rappaport, unlike in Bohnsack, the physical facts are not uncontroverted. Rappaport testified that Hanson's car crossed over the center line and struck his vehicle. Rappaport immediately called 911. While waiting for 911 to respond, Rappaport said Hanson's mother wiped off "all signs of contact between [his] car and Hanson's car." The record shows the GEICO damage estimate occurred after the accident and the investigator did not take photographs of Rappaport's car until well after the collision.

Credibility is a question for the jury to determine. Sanders v. Woods, 121 Wn. App. 593, 600, 89 P.2d 312 (2004); see also Johnson v. Spokane to Sandpoint, LLC,

---

[6] Internal quotation marks omitted.

176 Wn. App. 453, 457-58, 309 P.3d 528 (2013) ("Where different competing inferences may be drawn from the evidence, the issue must be resolved by the trier of fact."). The jury, not the court on summary judgment, must weigh the evidence. See Riley v. Andres, 107 Wn. App. 391, 398, 27 P.3d 618 (2001) (credibility is "especially important" where material facts are based on affidavits); Senate Republican Campaign Comm. v. Pub. Disclosure Comm'n, 133 Wn.2d 229, 245-46, 943 P.2d 1358 (1997) (affidavit of nonmovant must be taken as true for purposes of summary judgment). We reverse summary judgment dismissal of Rappaport's personal injury lawsuit and remand for trial.

Attorney Fees and Costs

Rappaport requests fees and costs under RCW 4.84.010, RCW 4.84.080, RALJ 9.3, and RAP 14.3. RCW 4.84.080 does not support an award of attorney fees and Rappaport is not entitled to costs under RAP 14. See Snyder v. Haynes, 152 Wn. App. 774, 783-84, 217 P.3d 787 (2009). However, as the substantially prevailing party, on remand Rappaport is entitled to statutory fees and costs under RALJ 9.3 and RCW 4.84.010.

WE CONCUR:

Trickey, ACJ

Cox, J.

10